498

[Crim. No. 3293.   Second Appellate District, Division One.—February 28, 1940.]

THE PEOPLE, Respondent, v. HARRY J. HIGHT, Appellant.

George Stahlman for Appellant.

Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

DORAN, J.—In two informations which were consolidated for trial the defendant was accused of burglary.  The jury returned a verdict of guilty of burglary of the first degree

in each case, and in each case found the prior conviction of a felony to be true. Motions for a new trial were denied, and the appeal is from the judgment and from the order denying the motion for a new trial, in each case.

It is not contended on appeal that the defendant was not guilty of the alleged burglaries; to the contrary, the appellant's guilt is in effect conceded. It is urged, however, on appeal that the evidence is not sufficient to support the verdicts of guilty of first degree burglary.

It is also urged on appeal that persistent misconduct of the district attorney prevented the defendant from having a fair and impartial trial.

The facts briefly are as follows: One of the offenses charged was the burglary of the home of one Alex Schwartz, on or about June 24, 1939. Mr. Schwartz testified that he lived with his wife and son in an apartment house located at 408 South Cloverdale Avenue in Los Angeles; that they were home on Saturday, June 24th, until about 9:00 o'clock in the evening, when they went out until midnight; that their apartment had only one entrance door, which was fastened with a Yale lock, and that he locked the door when they went out that night; that when they left the apartment house that evening his attention was directed to a dark, "old-looking sedan", which was parked in front of the entrance door; that there was a light in front of the apartment house and that he could see very plainly a woman sitting in the car; that the apartment was being cleaned on Sunday morning, the next day, at about 11:30 o'clock, when it was discovered that his wife's fur coat and his boy's watch were missing; that he then discovered that the door to his apartment was cut where some kind of an instrument had been inserted to pry the lock back, although he had not noticed this on the occasion of their return to the apartment at midnight.

Mr. Schwartz was later recalled to the stand and he testified that the woman whom he saw in the car was "The lady with the brown coat on there in the second row", indicating a woman sitting in the back part of the courtroom. Following this testimony the lady who was pointed out was summoned to the witness stand by the prosecuting attorney as a witness on behalf of the People. She testified that her name was Miss Maxine Roberts and that she was acquainted

with the defendant and had known him for about five years. The witness admitted having been driving with the defendant in the neighborhood of South Cloverdale Avenue on the evening of June 24, 1939, and asserted that they had parked the car somewhere, at which time the defendant "took the dog for a walk".

There was testimony by one Sam Brill, who was employed temporarily as a furrier in a fur shop located on Hollywood Boulevard, to the effect that in the latter part of June, 1939, the defendant, whom he had known for some nine months, gave him a fur coat early in the morning on the way to work, and had asked that it be taken to the manager of the fur shop and that Mr. Brill was to obtain for him (the defendant) the sum of $20 for the coat. This coat was the one belonging to Mrs. Schwartz. Mr. Brill further testified that the defendant formerly had a book-making place located next door to the hotel where he was living, and that they became acquainted in that manner; also, that the defendant was acquainted with the manager of the fur shop where he was employed.

The watch which was stolen from the Schwartz home was sold by the defendant to a Mr. Kliman, some time around July 1, 1939, for $4.

The offense charged in the second information was the burglary of the home of Mrs. Iris A. Soper, on or about June 30, 1939. Mrs. Soper lived in a studio apartment in Hollywood. On the evening of June 30, 1939, at about 8:00 o'clock, Mrs. Soper "put away" a fur coat and a sable fur piece in her apartment. She left the apartment about an hour later and returned at approximately 10:00 o'clock the same evening. Upon her return she found that someone had entered the apartment and that the fur coat and sable fur piece were missing. Mrs. Soper had observed the defendant "hanging around" the outside of the building in which she lived, but she did not see him the night that these furs were taken. The furs were subsequently recovered at the same furrier shop in Hollywood. Mr. Brill testified that he had received them from the defendant.

█ From the foregoing it is obvious that as to the second offense there can be no question as to the sufficiency of the evidence to support the verdict of guilty of first degree bur-

glary. Nor can there be a valid question as to the sufficiency of the evidence to support a verdict of guilty of burglary of the first degree as to the first offense. The fact that the burglary was not discovered until 11:30 o'clock in the morning was a material circumstance, but it does not follow that the jury, by reason thereof, was foreclosed from finding a verdict of guilty of burglary of the first degree.

█ With regard to appellant's contention that the alleged misconduct of the district attorney was prejudicial, it should be noted that no objections were made to such alleged misconduct at the trial. It is the general rule and too well settled to require citation of authority that before objection can be made on appeal, to the alleged misconduct of the district attorney, objection must first have been made at the trial and an opportunity afforded the trial judge to correct the error, if any. There is an exception to this general rule which is equally well settled, namely, that no such objection need be noted at the trial when the alleged misconduct is of such character that prejudice is bound to follow, and such prejudice would in all probability be unaffected by instructions and admonitions of the trial judge. The situation relied upon by appellant presents no such problem and is therefore not governed by the exception to the general rule above mentioned. It is only where the guilt of the defendant is doubtful that an appellate tribunal will assiduously inquire into the whole record for the purpose of determining whether alleged misconduct, asserted for the first time on appeal, resulted in prejudicial error.

For the foregoing reasons the judgment and the order denying the motion for a new trial, in each case, are, and each of them is, affirmed.

York, P. J., and White, J., concurred.